■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v MICHAEL GARBELLOTTO et al., Respondents, and STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellant. — Order, Supreme Court, New York County, entered January 25, 1980, reversed, on the law and the facts, and in the exercise of discretion, the motion for a stay denied and the stays directed by the aforesaid order vacated, with costs. Appeal from order of the

same court entered October 7, 1980, denying reargument of the aforesaid order, dismissed as nonappealable, without costs. It is necessary to a disposition of this appeal that we untangle a knotted skein of court proceedings. The initial occurrence was a collision on January 6, 1977 between a vehicle owned by respondent Garbellotto and insured by petitioner-respondent Aetna Casualty & Surety Company, and one owned by respondent Baez, which had been insured by respondent-appellant State Farm Automobile Insurance Company. Garbellotto, informed that State Farm had canceled coverage of Baez, proceeded pursuant to the uninsured motorist provision of his policy to demand arbitraton of a claim against his carrier, Aetna. Aetna moved to stay the arbitration, citing a factual issue as to the cancellation of Baez' policy by State Farm. State Farm then particularized that the cancellation for nonpayment of premium had been effected 60 days prior to the accident; this was countered by Aetna's production of a police accident report that Baez' FS-20, carried in his car, showed State Farm coverage. Aetna's petition, being improperly verified by its attorney, was dismissed by Special Term on May 3, 1979, with leave to renew; on attempted renewal three weeks later on a properly verified petition, no mention was made of the prior order with leave to renew, and the claim of untimeliness (CPLR 7503) made by Garbellotto and State Farm was sustained on June 22, 1979 by Justice Stecher, who never was informed of his colleague's prior decision: Aetna did not reply to set the record straight. No application was made for reargument or renewal, nor was appeal taken from the last order, but a new motion was made — the one here reviewed — on July 26, 1979 for a stay, citing the error made by prior omission to refer to the leave to renew. Meanwhile, completely unimpeded because of Aetna's ineptness in seeking a stay, the arbitration had taken place and Garbellotto had been awarded $8,500 on his claim against Aetna, on September 21, 1979, the purported State Farm cancellation not being mentioned in the arbitrator's decision; the award was then reduced to judgment in Richmond County. Aetna, apparently adhering to its view that State Farm insurance of Baez had not been canceled, had defaulted on the arbitration. The instant motion was granted, staying, after the event, the arbitration demanded by Garbellotto against Aetna, as well as enforcement of the Richmond judgment based on the arbitrator's award. Motions for reargument by State Farm based on the Richmond judgment availed nothing, being denied May 30, and again October 7, 1980. Aetna set its own course by its handling of the application for the stay, first before Justice Evans by improper verification of the stay application by one not a corporate officer, and then before Justice Stecher by twice failing to inform him of the opportunity which had been afforded by Justice Evans to rescue the stay application from dismissal for untimeliness. These exercises in futility were then compounded by default on the arbitration. The judgment denying the stay was never the subject of reargument, renewal or reconsideration, and was never challenged on appeal by Aetna. It is immune from collateral attack by means of the stay application later made to Justice Tyler, and became completely binding on the parties. Having chosen to follow its own course, Aetna may not now complain of the results of its choice of roads and the manner in which they were traveled. Concur — Sullivan, J.P., Ross, Markewich, Silverman and Fein, JJ.